UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JULIE FRAZIER BROWN** | * | CIVIL ACTION NO. _____ |
| | * | |
| **VERSUS** | * | |
| | * | JUDGE:_____ |
| **CINEMARK USA, INC. D/B/A** | * | |
| **CINEMARK TINSELTOWN AND** | * | |
| **XD** | * | MAGISTRATE:_____ |

## NOTICE OF REMOVAL

The petition of Cinemark USA, Inc. (hereinafter referred to as "petitioner") respectfully represents:

1.

The petitioner was made a defendant in a suit titled *"Julie Frazier Brown v. Cinemark USA, Inc., d/b/a Cinemark Tinseltown and XD"*, No. 609,894, in the First Judicial District Court, Caddo Parish, Shreveport, Louisiana (herein referred to as "the State Court proceeding"). See Exhibit "A", Petition for Personal Injuries.

2.

On or about July 6, 2018, Julie Frazier Brown (hereinafter referred to as "plaintiff") filed the State Court proceeding alleging that an incident occurred on July 7, 2017 at a movie theater owned and operated by the petitioner, located in Shreveport, Caddo Parish, Louisiana, causing injury. See Exhibit "A."

1

3.

The Petition for Personal Injuries names as defendant, Cinemark USA, Inc.

4.

The plaintiff is domiciled in Louisiana, per her signed medical records authorization form dated 1/11/19. See Exhibit "B."

5.

The defendant, Cinemark USA, Inc. is incorporated under the laws of the state of Texas, having its principal place of business in the state of Texas.

6.

The plaintiff and defendant are diverse in their citizenship.

7.

The Petition for Personal Injuries (Exhibit "A") states allegations as to damages, treatment, and injuries (including "two (2) fractures to her right leg" – paragraph 5) in general terms without specifics. The plaintiff's Petition for Personal Injuries did not affirmatively reveal that this case is removable.

8.

Additionally, the Petition for Personal Injuries (Exhibit "A") then states in paragraph 17 that "your petitioner's damages do not exceed $75,000 exclusive of interest and costs."

9.

An Answer was filed by Cinemark USA, Inc. on August 28, 2018. Interrogatories

and requests for production were sent to plaintiff's counsel by mail on the same date.

10.

As a part of the discovery process, plaintiff's counsel provided a listing of the plaintiff's healthcare providers. Subsequently, the plaintiff's medical records authorizations (Exhibit B) were sent to her healthcare providers by letters dated February 19, 2019. The first medical records produced were from Christus Health System and these records were provided by CIOX e-delivery on February 22, 2019. Prior to 2/22/19, no interrogatory answers or production of documents responses or medical records or information, document, or "other paper" to help unequivocally determine the amount in controversy had been received.

11.

A review of the records from Christus Health System, and the records subsequently produced by additional healthcare providers, shows the following specifics as to the plaintiff's injuries, treatment, and damages:

(a)  the plaintiff sustained a right comminuted tibial plateau fracture and an angulated fracture of the fibula (See Exhibit "C").

(b)  the plaintiff had operations on 7/8/17 and 7/20/17 (See Exhibit "D").

(c)  the operation on 7/8/17 involved the placement of an external fixator for the tibial plateau fracture and the operation on 7/20/17 involved an open reduction, internal fixation of the tibial plateau fracture (see Exhibit "D").

(d)  the plaintiff's allegedly related past medical expenses currently exceed $22,000 (see Exhibit "E").

(e) the plaintiff has undergone physical therapy (see Exhibit "F").

12.

Given the information gleaned from the plaintiff's medical records, it is now unequivocally clear and certain that the amount in controversy exceeds $75,000 and that this case is removable. This was only first ascertained once the plaintiff's medical records were received on 2/22/19. (28 USC Section 1446(2)(A)(c)(3))

13.

The following citations are supportive of the petitioner's representation that the amount in controversy now unequivocally exceeds $75,000:

(a) *Murphy v. City of New Orleans,* 2009-0567, (La. App. 4 Cir. 11/12/09); 25 So.3d 956. A plaintiff in a trip and fall case injured her right leg and knee, sustaining a tibial plateau fracture, which required her to undergo two surgeries and physical therapy. The plaintiff had past medical expenses totaling $314,302. The plaintiff was awarded $500,000 in general damages, but would have been awarded $700,000 if there was no statutory cap on general damages.

(b) *White v City of New Orleans,* 00-2683 (La. App. 4 Cir. 1/9/01), 806 So.2d 675. A plaintiff in a fall fractured her leg in several places and underwent surgery and had metal screws and plates inserted in her leg. The plaintiff was awarded $125,000 in general damages.

14.

The aforementioned allegations give rise to federal subject matter jurisdiction based on diversity of citizenship pursuant to 28 USC, Section 1332.

15.

This removal is being filed prior to March 24, 2019, i.e. within 30 days of the petitioner, Cinemark USA, Inc., receiving the first production of the plaintiff's medical records ("other paper"), which occurred on 2/22/19. It was on this date that the petitioner was first able to ascertain that this case had become removable.

16.

Based on the above and foregoing, the petitioner respectfully requests that this "Notice of Removal" be filed into the records of the United States District Court for the Western District of Louisiana, effecting the removal of this matter from the State Civil District Court of Caddo Parish, Louisiana.

17.

Petitioner requests a trial by jury herein, as to all issues between the parties.

18.

Upon filing of this Notice of Removal, the petitioner will provide written notification to the plaintiff and will further file a copy of the Notice of Removal with the Clerk of Court of the 1st Judicial District Court, Caddo Parish, Louisiana. A copy of the state court notification is attached hereto as Exhibit "G".

19.

Counsel for the plaintiff is: J. Allen Cooper, 551 Kings Hwy., Shreveport, Louisiana 71104; telephone: (318) 865-5291; facsimile: (318) 865-5120; e-mail address: allencooperlaw@aol.com.

WHEREFORE, the petitioner prays that the above action now pending against it in the 1st Judicial District Court, Caddo Parish, Louisiana, shall proceed no further.

        MAYER, SMITH & ROBERTS, L.L.P.
        Attorneys for CINEMARK USA, INC.


BY    */s/ Ben Marshall, Jr.*
        Ben Marshall, Jr. #8950
        Marcus E. Edwards, #33113
        1550 Creswell
        Shreveport, LA  71101
        Telephone: 318-222-2135
        Fax: 318-222-6420

## **C E R T I F I C A T E**

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has been filed electronically with the Clerk of Court using the CM/ECF system and has been sent to all known counsel of record by operation of the court's electronic filing system.

Shreveport, Caddo Parish, Louisiana this 19th day of March, 2019.

/s/ Ben Marshall, Jr.
OF COUNSEL

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF CADDO**

BEFORE ME, the undersigned authority, personally came and appeared BEN MARSHALL, JR., who being first duly sworn, did depose and certify that his is the attorney of record for the petitioner, and attests that he has read the foregoing Notice of Removal, and the facts and allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
Ben Marshall, Jr.

SWORN TO AND SUBSCRIBED before me Notary on this 19th day of March, 2019.

_____
NOTARY PUBLIC
Notary/Bar # 33113

8

## **C E R T I F I C A T E**

I HEREBY CERTIFY that a copy of the above and foregoing Affidavit has been filed electronically with the Clerk of Court using the CM/ECF system and has been sent to all known counsel of record by operation of the court's electronic filing system.

Shreveport, Caddo Parish, Louisiana this 19th day of March, 2019.

<u>/s/ Ben Marshall, Jr.</u><br>
OF COUNSEL